IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,<br><br>      **Plaintiff,**<br>  v.<br><br>UNITED STATES,<br><br>      **Defendant.** | Before: Hon. _____,<br>      Judge<br><br>Court No. 25-00204 |

## COMPLAINT

Plaintiff, the American Personal Transportation Vehicle Manufacturers Coalition ("Plaintiff"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest certain portions of the U.S. International Trade Commission's (the "Commission") final determination in the antidumping and countervailing duty investigations of *Low Speed Personal Transportation Vehicles From China*. *See Low-Speed Personal Transportation Vehicles From China*, 90 Fed. Reg. 38,176 (Int'l Trade Comm'n Aug. 7, 2025) (deters.); *see also Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amend. final antidumping duty deter. and antidumping duty order; amend. final deter. of countervailing duty investigation and countervailing duty order) ("AD/CVD Orders").

### JURISDICTION

2. This Court has jurisdiction over this action to review the Commission's final determination pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections

Court No. 25-00204

516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i).

## STANDING

3.  Plaintiff is a trade or business association, a majority of whose members are composed of manufacturers in the United States of a domestic like product, and was the petitioner in the proceeding underlying this complaint. Plaintiff is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(E). Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.  Plaintiff commenced this action by filing a Summons on September 11, 2025, within 30 days after publication in the Federal Register of the AD/CVD Orders. *See* Summons (Ct. Int'l Trade Sep. 11, 2025), ECF No. 1; AD/CVD Orders. Plaintiff is filing this Complaint within 30 days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.  The Commission published its notice of institution of investigations of low-speed personal transportation vehicles ("LSPTVs") from China on June 26, 2024, following receipt of a petition filed with the Commission and the U.S. Department of Commerce ("Commerce") by Plaintiff on June 20, 2024. *See Low Speed Personal Transportation Vehicles From China; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 89 Fed. Reg. 53,440 (Int'l Trade Comm'n June 26, 2024).

6.  The Commission preliminarily found there was a reasonable indication that the domestic LSPTV industry was materially injured by reason of imports of LSPTVs from China, *see Low Speed Personal Transportation Vehicles From China Determinations*, 89 Fed. Reg.

65,398 (Int'l Trade Comm'n Aug. 9, 2024), and on February 11, 2025 gave notice of the scheduling of the final phase of the antidumping and countervailing investigations on LSPTVs from China. *See Low Speed Personal Transportation Vehicles (LSPTVs) From China*, 90 Fed. Reg. 9,345 (Int'l Trade Comm'n Feb. 11, 2025) (scheduling of the final phase of countervailing duty and antidumping duty invs.).

7. In Commerce's preliminary antidumping determination, Commerce determined that critical circumstances existed regarding imports of subject merchandise with respect to both mandatory respondents, Guangdong Lvtong New Energy Electric Vehicle Technology Co., Ltd. ("Lvtong") and Xiamen Dalle New Energy Automobile Co., Ltd. ("Xiamen Dalle"). *See* Preliminary Decision Memorandum accompanying *Certain Low Speed Personal Transportation From the People's Republic of China*, 90 Fed. Reg. 8,517 (Dep't Commerce Jan. 30, 2025) (prelim. affirmative deter. of sale at less-than-fair-value inv., prelim. affirmative deter. of critical circumstances, postponement of final deter. and extension of provisional measures) at 36 ("Antidumping PDM").

8. In finding that imports of subject merchandise had been massive, Commerce compared the total volume of shipments from each respondent during a five-month base period from February 2024 through June 2024 with a five-month comparison period from July 2024 through November 2024. Antidumping PDM at 35. Similarly, in the preliminary countervailing duty investigation, Commerce analyzed critical circumstances by comparing the four-month base period of March 2024 through June 2024 and the four-month comparison period of July 2024 through October 2024. *See* Preliminary Decision Memorandum accompanying *Certain Low Speed Personal Transportation From the People's Republic of China*, 89 Fed. Reg. 96,942 (Dep't Commerce Dec. 6, 2024) (prelim. affirmative countervailing duty deter., prelim.

**Court No. 25-00204**

affirmative deter. of critical circumstances, in part, and alignment of final deter. with final antidumping duty deter.) at 7-8.

9. In the final determination of Commerce's antidumping investigation, the agency reached a split critical circumstances determination. Commerce reached an affirmative finding of critical circumstances for imports by Lvtong, but reached a negative finding with respect to Xiamen Dalle. *See* Issues and Decision Memorandum accompanying *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 26,530 (Dep't Commerce June 23, 2025) (final affirmative deter. of sales at less than fair value and final affirmative deter. of critical circumstances, in part) ("IDM") at 4-7, 12-15. Accordingly, Xiamen Dalle was excluded from Commerce's antidumping duty critical circumstances determination. *Id*. at 7.

10. In reaching a final negative critical circumstances determination with respect to Xiamen Dalle, Commerce compared a six-month base period of January 2024 through June 2024 to a six-month comparison period of July 2024 through December 2024 in order to determine if imports had increased by more than the 15 percent threshold for determining whether there had been "massive imports."[1] *Id*. at 6.

11. In the Commission's final determination, the Commission ultimately found that the domestic industry was materially injured by reason of LSPTV imports from China and that imports subject to Commerce's affirmative critical circumstances determination were likely to undermine the remedial effects of the countervailing and antidumping duty orders on LSPTVs from China. *See Low Speed Personal Transportation Vehicles from China*, Inv. Nos. 701-TA-

---

[1] As discussed below, the comparison of six-month base and comparison periods differs from the five-month periods used by the Commission. They also differ from Commerce's analysis in the affirmative preliminary critical circumstances determination in the antidumping investigation, in which Commerce compared five-month base and comparison periods. *See* Antidumping PDM at 35.

4

**Court No. 25-00204**

731 and 731-TA-1700, USITC Pub. 5652 (Aug. 2025) (Final) at 59-60 ("USITC Pub. 5652"). The Commission also found that the appropriate comparison period of pre-petition and post-petition levels of subject imports were the five-month periods from February through June 2024 and July through November 2024, respectively because Commerce's preliminary determination fell within the six-month post-petition period that the Commission typically considers in determining whether critical circumstances exist. *Id*. at 53-54.

12. In reaching its critical circumstances finding, the Commission correctly determined that it was appropriate to use five-month time periods to compare pre- and post-petition levels of subject imports, comparing the pre-petition period of February through June 2024 with the post-petition period of July through November 2024. *See id*. at 53-54. The Commission also correctly determined that critical circumstances existed with respect to the imports covered by both the antidumping and countervailing duty investigations. *See id*. at 54-59.

13. However, in making its critical circumstances determination in the antidumping investigation, the Commission noted that its finding of critical circumstances only applied to those imports subject to Commerce's affirmative critical circumstances determination in the antidumping duty investigation. *See id*. at 56. Thus, subject imports from Chinese producer and exporter Xiamen Dalle were not covered by the Commission's critical circumstances determination. *See id*. at 54.

14. Plaintiff has appealed Commerce's critical circumstances finding in the antidumping investigation because Commerce's critical circumstances determination with respect to Xiamen Dalle is unsupported by substantial evidence and otherwise not in accordance with law. *See The American Personal Transportation Vehicle Manufacturers Coalition v. United*

**Court No. 25-00204**

*States*, U.S. Ct. of Int'l Trade Ct. No. 25-00203. Accordingly, if, as a result of that litigation, Commerce determines on remand that critical circumstances exist with respect to Xiamen Dalle's imports, the Commission's final determination must be remanded as well so that Xiamen Dalle's imports are covered by the Commission's antidumping duty critical circumstances determination.

## CLAIMS AND BASES FOR RELIEF

### Count I

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. The Commission's antidumping duty critical circumstances determination, as it applies to subject imports from Xiamen Dalle, is not supported by substantial evidence and is otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that the Commission's antidumping duty critical circumstances determination in *Low Speed Personal Transportation Vehicles from China*, as it applies to subject imports from Xiamen Dalle, is unsupported by substantial evidence and otherwise not in accordance with law; and

2) Remand the final determination to the Commission for disposition with the Court's final opinion.

**Court No. 25-00204**

                                                Respectfully submitted,

                                                */s/ Robert E. DeFrancesco, III*
                                                Robert E. DeFrancesco, III, Esq.
                                                Derick G. Holt, Esq.
                                                Theodore P. Brackemyre, Esq.
                                                Stephen A. Morrison, Esq.

                                                **WILEY REIN LLP**
                                                2050 M Street NW
                                                Washington, DC 20036
                                                (202) 719-7000

                                                *Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: October 10, 2025

7

# **CERTIFICATE OF SERVICE**

PUBLIC SERVICE

*The American Personal Transportation Vehicle Manufacturers Coalition v. United States*
**Court No. 25-00204**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on October 10, 2025.

*/s/ Stephen A. Morrison*
Stephen A. Morrison, Esq.

Henry D. Almond, Esq.
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001

Rosa S. Jeong, Esq.
**Greenberg Traurig LLP**
2101 L Street, NW
Suite 1000
Washington, DC 20037

Daniel Cannistra, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Ave., NW
Washington, DC 20004

David M. Morrell, Esq.
**Jones Day**
51 Louisiana Avenue, NW
Washington, DC 20001

Daniel R. Wilson, Esq.
**Faegre Drinker Biddle & Reath LLP**
1500 K Street, NW
Suite 1100
Washington, DC 20005

Neil B. Mooney, Esq.
**Liang + Mooney PLLC**
2104 Delta Way
Suite 1
Tallahassee, FL 32303

Sarah M. Wyss, Esq.
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

David S. Robinson, Esq.
**Maynard Nexsen, PC**
4141 Parklake Avenue
Suite 200
Raleigh, NC 27612

Daniel L. Porter, Esq.
**Pillsbury Winthrop Shaw Pittman LLP**
1200 Seventeenth Street, NW
Washington, DC 20036

General Counsel
**U.S. International Trade Commission**
500 E Street, SW
Washington, DC 20436

The Honorable Lisa R. Barton
Secretary
**U.S. International Trade Commission**
500 E Street, SW
Washington, DC 20436

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278